FILED
United States Court of Appeals
Tenth Circuit

April 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RHONDA STIRLING,

     Plaintiff-Appellant,

v.

DAVID STIRLING; DONNA
DUCKETT STIRLING,

     Defendants-Appellees.

No. 14-2026
(D.C. No. 1:13-CV-00842-MV-ACT)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Rhonda Stirling filed suit against her ex-husband and his wife in federal

court alleging claims under 42 U.S.C. § 1983. The district court dismissed the

case, however, holding that Ms. Stirling failed to state a federal claim on which

relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). We review that decision *de*

---

    [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*novo* and with considerable solicitude to Ms. Stirling who proceeds *pro se.  See*

*Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Even so we cannot help but affirm.  As the district court explained, § 1983 "allows citizens to sue those who violate their constitutional rights while acting 'under color of' state law." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 683-84 (10th Cir. 2012).  But in this case Ms. Stirling has sued only her ex-husband and his new wife, neither of whom are state actors, and so her § 1983 claim must fail just as the district court held.  On appeal, Ms. Stirling argues that a state trial judge also violated her rights.  But we generally do not review new arguments made for the first time on appeal.  And, in any event, Ms. Stirling has neither named that judge as a party nor explained how the judge acted in concert with the defendants she has named.  Thus, even were we to take cognizance of this new argument Ms. Stirling still lacks any state actor or state action.

The district court's dismissal of Ms. Stirling's claims is affirmed and her motion to proceed in this appeal without prepayment of fees is denied.  She is reminded of her obligation to pay the unpaid balance of the filing fee.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge


2